IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA NOBLES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1459-S-BH |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Petition and Brief for Award of Attorney Fees Under the Equal Access to Justice Act*, filed November 9, 2020 (doc. 24). Based on the relevant filings and applicable law, the motion should be **GRANTED in part**.

### I. BACKGROUND

On June 20, 2019, Joshua Nobles (Plaintiff) filed a complaint seeking reversal and remand of the denial by the Commissioner of Social Security (Commissioner)[2] of his claims for supplemental security income benefits under the Social Security Act. (doc. 1 at 2.)[3] On October 9, 2020, the Commissioner's decision was reversed in part, and the case was remanded for further proceedings. (docs. 20-21.) Plaintiff then moved for, and was granted, additional time to file his motion for attorney's fees under § 406(b) of the Social Security Act. (docs. 22-23.) On November 9, 2020, he moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA).

---

[1] By *Special Order No. 3-251*, this social security appeal was automatically referred for full case management.

[2] At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(docs. 24.) The Commissioner does not object to the hourly rate or the amount of fees requested, but contends that the award should be made payable directly to Plaintiff, not his counsel. (doc. 26.)

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party" [4]; (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[5] It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that

---

[4] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

[5] The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

**A.     Attorney Hours**

As the prevailing party, Plaintiff has requested a total of $ 6,634.75 in attorney's fees based on 32.15 hours of attorney work for litigating this appeal in federal court, and 1 hour of attorney work for preparing and filing the EAJA application. (docs. 24 at 8-9; 24-1 at 3-4.) He has submitted an Itemization of Services Rendered (Statement), which consists of detailed time entries for legal services rendered by his counsel. (doc. 24-1 at 3-4.) The entries show the amount of time expended for each activity, including drafting Plaintiff's twenty-four-page brief, and are organized by the date the legal services were rendered in this case between May 31, 2019 and October 9, 2020.[6] (*See id*; doc. 16.) The Statement seeks a total of 31.25 attorney hours at a rate of $ 200.00, and 1.9 attorney hours at a rate of $ 202.50. (docs. 24 at 8-9; 24-1 at 4.) The amount of time spent on the services performed detailed in the Statement is reasonable. *See Kawinda M. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-614-G-BK, 2020 WL 3441971, at *1 (N.D. Tex. May 27, 2020), *report and recommendation adopted*, No. 3:19-CV-614-G-BK, 2020 WL 3441232 (N.D. Tex. June 23, 2020)

---

6 While some of the entries for multiple activities identify the amount of time expended on each legal activity, other entries use "block billing," in which multiple activities are lumped in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). It is therefore difficult at times to determine how much time was spent on specific tasks.

(finding the plaintiff's request under the EAJA for attorney's fees for 32.15 hours of attorney work as reasonable); *see also Banks v. Berryhill*, No. 4:18-CV-00239-BP, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (finding the plaintiff's request under the EAJA for attorney's fee for 23.9 hours of attorney work and 7.4 hours of paralegal work as reasonable).

As noted, Plaintiff seeks an hourly rate of $ 200.00 per hour for 31.25 hours of services rendered in 2019, and 1.9 attorney hours at a rate of $ 202.50 for services rendered in 2020, which includes a cost of living adjustment. (*See* docs. 24 at 8-9; 24-1 at 4.) The Commissioner does not dispute the hourly rate.[7] Using the United States Department of Labor's Consumer Price Index for the Dallas-Fort Worth area (DFW CPI), the hourly rate, including a cost of living adjustment, should be adjusted down to $199.71[8] for 2019. *See Kawinda M.*, 2020 WL 3441971, at *1 (finding that the $200.00 hourly rate sought in attorney's fees for work performed in 2019, should be adjusted down to $199.71). The hourly rate for 2020 should be adjusted down from $202.50 to $199.85.[9] Accordingly, the hourly rate for legal fees should be adjusted down from $200.00 in

---

7 Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Fees may be calculated using a higher rate based on an increase in the cost of living or other "special factor." *Id*. Here, Plaintiff alleges that a billing rate of $200.00 for attorney services performed in 2019, and $202.50 for services performed in 2020, are appropriate based on a cost-of-living adjustment. (*See* doc. 24 at 7-8.)

8 "The cost of living adjustment for 2019 is computed as follows: The average CPI in 1996 (the year the EAJA was amended) was 148.8. The annual DFW CPI for 2019 is 237.732, a difference of 88.932.[ ] Next, 88.932 is divided by 148.8 to determine the percentage of increase in the CPI, which equals 59.77. The latter figure is multiplied by $125.00 (the hourly rate established in 1996) to determine the hourly rate increase, which equals $74.71. That amount is added to $125.00 to determine the adjusted hourly attorney fee rate for the DFW area of $199.71." *Alexander v. Comm'r of Soc. Sec.*, No. 3:19-CV-1413-M-BK, 2020 WL 1815794, at *1 n.1 (N.D. Tex. Mar. 11, 2020), *report and recommendation adopted*, No. 3:19-CV-01413-M-BK, 2020 WL 1808617 (N.D. Tex. Apr. 9, 2020).

9 For 2020, because the semi-annual CPI-U is available and Plaintiff's counsel's billing entries are not confined to a single month, the semi-annual index number of 237.910 is used in calculating the rate for services, as opposed to the September 2020 index number of 240.658. *See Little v. Berryhill*, No. 3:17-CV-00328, 2018 WL 8754166, at *1 (S.D. Tex. Aug. 16, 2018), *report and recommendation adopted*, No. 3:17-CV-00328, 2018 WL 9991758 (S.D. Tex. Sept. 19, 2018). The cost of living adjustment results for 2020 results in an hourly rate of $199.85. Using the same calculation, 227.910 minus 148.8, results in a difference of 89.11. The difference is divided by 148.8 to determine the percentage of increase in the CPI, which equals 59.88%. The latter figure is multiplied by $125.00 (the hourly rate

2019 to $199.71, and from $202.50 to $199.85 for 2020, for a total of $6,620.64 in attorney's fees.

**B.      Receipt of Payment**

The Commissioner argues, and Plaintiff does not appear to disagree, that the award should be made payable to Plaintiff, and not his counsel. (*See* doc. 24, 26.)

The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Adhering to *Ratliff's* express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the award is not subject to any offset by the government. *See, e.g., Goin*, 2013 WL 1797862, at *6 ("[C]onclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *see also Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government"). Accordingly, the award of fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

---

established in 1996) to determine the hourly rate increase, which equals $74.85. That amount is added to $125.00 to determine the adjusted hourly attorney fee rate for the DFW area of $199.85.

### III. RECOMMENDATION

Plaintiff's motion for attorney's fees should be **GRANTED in part**. He should be awarded $6,620.64 in attorney's fees, which represents 31.25 hours for legal services at the rate of $199.71 per hour, and 1.90 hours at a rate of $ 199.85 per hour. The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to his counsel.

**SO RECOMMENDED** on this 19th day of March, 2021.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE